Wright, J.,
dissenting. This case involves a narrow issue of statutory interpretation: whether a physician can be exempt from criminal liability for drug trafficking if he or she prescribes a controlled substance in subjective “good faith.” Because the plain language of R.C. 2925.03(B)(1) exempts physicians from criminal liability only if they act “in accordance with” objective requirements set forth in specific sections of the Revised Code and the Ohio Administrative Code, I would hold that a physician’s subjective “good faith” is not sufficient to entitle him or her to the statutory exemption. Therefore, I dissent from the majority’s conclusion that the jury should have been permitted to consider McCarthy’s subjective state of mind.
R.C. 2925.03(A) prohibits the sale of controlled substances. R.C. 2925.-03(B)(1) creates a specific exemption to that general prohibition for physicians acting in the course of their practice. It provides in part:
“(B) This section does not apply to the following: (1) Manufacturers, practitioners, pharmacists, owners of pharmacies, and other persons whose conduct is in accordance with Chapters 3719. * * * and 4731. * * * of the Revised Code * * *[.]”[3] (Emphasis added.)
R.C. Chapters 3719 and 4731, along with Ohio Adm.Code Chapter 4731-11, in part govern the dispensation of drugs by physicians. Ohio Administrative Code Chapter 4731-11 is particularly important because it deals specifically with controlled substances. These statutes and regulations create a series of procedural requirements physicians must satisfy before they are permitted to prescribe controlled substances. In State v. Sway (1984), 15 Ohio St.3d 112, 15 OBR 265, 472 N.E.2d 1065, the court considered R.C. 2925.03 as applied to a physician. The court looked specifically at the physician’s exemption in R.C. *596 2925.03(B)(1). Justice Holmes, for a unanimous court, wrote: “ * * * [W]e believe that if a physician does not act in accordance with such regulations [R.C. Chapters 3719 and 4731] he is subject to criminal liability under R.C. 2925.03(A) when his actions fall therein. It is patently clear from the facts presented that Dr. Sway did not conform to the directives specifically set forth in R.C. 4731.22 * * *. Thus, we are unable to find any statutory provision which would preclude us from finding appellee liable under R.C. 2925.03(A).” Sway, 15 Ohio St.3d at 114, 15 OBR at 267, 472 N.E.2d at 1067. Later in the opinion this statement was capsulized by the court in holding that physicians are criminally liable for selling controlled substances if the sale is “not in the course of the bona fide treatment of a patient.” Id. at 115, 15 OBR at 268-269, 472 N.E.2d at 1068.
At the core of today’s case is a dispute over the proper definition of the term “bona fide,” as used in Sway. There appear to be two alternatives: “good faith,” as argued by McCarthy, and “in accordance with” R.C. Chapters 3719 and 4731 as stated in R.C. 2925.03(B)(1).
McCarthy argued and the court of appeals below agreed that “bona fide” means “good faith” and the jury must be instructed that a doctor cannot be convicted of violating R.C. 2925.03 if his or her treatment was in good faith. In its opinion, the court of appeals admittedly read Sway’s holding expansively. It believed that Sway meant “that a physician loses the exemption when he prescribes controlled substances for purposes other than bona fide treatment,” and that “bona fide” necessarily means “good faith.” I disagree.
Although “bona fide” is often understood to mean “good faith,” neither Sway nor R.C. 2925.03(B)(1) mandates a “good faith” standard for the physician’s exemption. The plain language of R.C. 2925.03(B)(1) states that a physician is only exempt from criminal liability if he or she acts “in accordance with” R.C. Chapters 3719 and 4731 when prescribing or dispensing controlled substances. These statutes and the attendant regulations in Ohio Adm.Code Chapter 4731-11 are simple and clear: they require physicians to maintain proper records; take certain precautions; and act, in short, as reasonable physicians would in the same circumstances. These black and white requirements protect legitimate doctors from reproach and protect society from illegitimate doctors who would use their positions to distribute controlled substances with impunity. The existence of objective criteria makes the line between legitimate treatment and drug trafficking very easy for both physicians and officials in the criminal justice system to discern. Because objective criteria are so desirable, nowhere in R.C. Chapters 3719 and 4731, or in Ohio Adm.Code Chapter 4731-11, is there stated a good faith standard for prescribing controlled substances. The General Assembly wisely decided that the *597 subjective intent of a physician prescribing controlled substances is not relevant in determining whether a physician’s actions are in accord with the law.
Sway is not inconsistent with the plain language of R.C. 2925.03(B)(1). I read the holding of Sway to equate the term “bona fide” to this statutory provision that physicians must act “in accordance with” R.C. Chapters 3719 and 4731. I do not accept the majority’s conclusion that “bona fide” in all circumstances means “good faith” because this conclusion ignores the statute’s plain language.
The instructions given to the jury in this case were correct. Holding a physician to an objective professional standard rather than a subjective “good faith” standard does not, as McCarthy argued, undermine the mens rea requirement of drug trafficking. The state still must prove that the defendant knowingly and intentionally sold illegal drugs. Moreover, the state must prove beyond a reasonable doubt that the defendant-physician knowingly sold those drugs without complying with the statutes and regulations which define professional conduct.
Accordingly, I would reverse the court of appeals and reinstate McCarthy’s convictions.
Holmes and Resnick, JJ., concur in the foregoing dissenting opinion.

. Of the four Revised Code chapters specified in R.C. 2925.03(B)(1), only Chapters 3719 and 4731 apply to physicians.